## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |  |
|---|---|---|
| HERMAN MILLER, INC., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | CASE NO.: |
| v. | ) | 1:18-cv-05012-WMR |
| | ) | |
| BELNICK LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON PLAINTIFF'S MOTION TO EXCLUDE
## TESTIMONY OF MATTHEW MALLOUK

The above matter is before the Court on Plaintiff Herman Miller Inc.'s ("Herman Miller") Motion to Exclude the testimony of Belnick's furniture sales expert, Matthew Mallouk. [Doc. 105]. Upon consideration of the arguments of the parties, applicable law, and all appropriate matters of record, the Motion is DENIED for the reasons set forth herein.

Mr. Mallouk is proffered by Belnick in rebuttal to Herman Miller's consumer survey report prepared by Dr. Basil Englis, the report and historical summary of the fame of the Eames designs prepared by John Berry, and the report and analysis of product substitution in the furniture industry prepared by Melinda Kane Williams. [Doc. 105-6 (Expert Report of Matthew H. Mallouk)]. Herman Miller seeks the exclusion of Mr. Mallouk's opinion testimony on the grounds that (1) he lacks

qualifications as an expert; (2) he does not offer proper rebuttal testimony; (3) he improperly purports to opine on the ultimate issue of likelihood of confusion; and (4) Belnick is attempting to supplement the factual record with information it failed to produce during discovery. [*See* Doc. 105-1 at 6].

Upon review of Mr. Mallouk's expert report, the Court notes that Mr. Mallouk has over 15 years of experience in the furniture industry, particularly with regard to online furniture sales and consumer habits.  His experience includes prior employment with online furniture retailer Wayfair, where he was able to gain a deep understanding of Herman Miller's EAMES chairs and numerous other manufacturer's chairs, how the respective products were merchandised and represented online, and the key factors that led to online purchases of those products. Mr. Mallouk also has years of experience as a consultant, offering ecommerce and furniture industry marketing and sales advice to branded manufacturers, including Belnick. [*See* Doc. 105-6 at 5-11].  Considering Mr. Mallouk's qualifications as a whole, the Court finds that he is qualified to give an opinion as a furniture marketing and sales expert for the purpose of pointing out the perceived flaws in the opinions of Herman Miller's experts.

Mr. Mallouk criticizes the opinions of Herman Miller's experts because of their failure to acknowledge two critical elements in their analyses: (1) the effect of price on online customers of competing products, particularly furniture, which he

contends is the most influential factor in consumer online purchasing behavior; and (2) the reality that chairs that are similar to the Eames Aluminum Group have been widely available in the marketplace for years through many online sellers. [*See* Doc. 105-6 at 2-4]. Specifically, Mr. Mallouk opines that Dr. Englis' survey failed to mimic real market conditions because online consumers would be informed of the price of the respective products in a true online shopping situation, and the price differences between the EAMES chairs and Belnick's chairs are so sizable that it may have an effect on the likelihood of consumer confusion. [*See* 105-6 at 2-3]. Similarly, Mr. Mallouk opines that Mr. Berry and Ms. Williams also ignored the effect of product price differential in their analyses. [*Id.*] Lastly, he further opines that Dr. Englis, Mr. Berry, and Ms. Williams ignored years of furniture sales history because their opinions are premised on the assumption "that the Eames chairs in dispute are well known and distinctive despite the large and ever-increasing number of replicas or similar looking chairs on the market." [*Id.* at 4].

Although Mr. Mallouk does not have any expertise in conducting consumer surveys, his report establishes that there is a wide availability of similar office chairs on the market, and that he has extensive knowledge of how the respective office chairs are merchandised and represented online to consumers and the key factors that lead to consumer purchases of those products (consumer habits). The Court finds that Mr. Mallouk's opinions on these issues may have a bearing on the

likelihood of confusion and, thus, his criticism of the other experts' failure to consider these issues in their analyses is properly offered to rebut their opinions.

In his report, Mr. Mallouk addresses certain factors that Herman Miller's experts failed to consider in their analyses, particularly the effect that product pricing and online presentation may have on the issue of likelihood of confusion. However, Mr. Mallouk also appears at times to opine on the ultimate issue of whether there would indeed be a likelihood of confusion. For example, based on his experience in the furniture industry, Mr. Mallouk states that "the large price differences and clear branding on product detail pages [online] leave no room for confusion in the mind of a consumer." [See Doc. 105-6 at 5]. Generally, "[a]n opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a).

Lastly, the Court finds that Mr. Mallouk's opinion testimony is not an improper attempt by Belnick to introduce evidence (website URLs) that it failed to provide during discovery. Mr. Malouk is being proffered as an expert to rebut the opinions of Dr. Enlgis, Mr. Berry, and Ms. Williams, and he may rely on facts or data that he has been made aware of as long as experts in his particular field would reasonably rely on those types of facts or data. The fact that Mr. Mallouk, in forming his opinion, may have relied on facts or data that had not been produced during discovery is not significant, as the evidence need not be admissible for the opinion to be admitted. *See* Fed. R. Evid. 703. Moreover, the Court finds that the probative

value of the facts and data relied upon by Mr. Mallouk outweighs any prejudicial effect because the facts or data would assist the jury in determining whether there is a likelihood of confusion, and Herman Miller will have an ample opportunity to cross-examine Mr. Mallouk regarding the basis for his opinion.

## **CONCLUSION**

For the foregoing reasons, the Plaintiff's Motion to Exclude Testimony of Matthew Mallouk [Doc. 105] is DENIED.

IT IS SO ORDERED, this 14th day of January, 2021.


WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE